1

2

3

4

5

6

7

8

9

UNITED STATES DISTRICT COURT

10

CENTRAL DISTRICT OF CALIFORNIA- EASTERN DIVISION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

| ROLANDO VELA, | ) ED CV: 08-0948-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security | ) |
| Administration, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| | ) |

I.  PROCEEDINGS

        This matter is before the Court  to review the Administrative Law Judge's ("ALJ") denial of Plaintiff's application for Disability Insurance Benefits ("DIB") benefits.  Plaintiff and Defendant have filed their respective pleadings and the parties have filed a Joint Stipulation dated February 25, 2009.  The parties have consented to the jurisdiction of the Magistrate Judge.

1

## II.  BACKGROUND

Plaintiff filed an application for DIB benefits on October 1, 2003, alleging disability as the result of back problems since September 14, 2001.  The ALJ determined that Plaintiff was disabled between September 24, 2001 and May 1, 2003, following diskectomy and nucleoplasty surgery on August 26, 2002 and a spinal fusion on April 3, 2003.  On May 10, 2003, Plaintiff applied for a continuation of his disability benefits, however his application was denied.  Plaintiff's application was reconsidered and again denied on November 20, 2003.  Plaintiff filed a timely Request for Hearing on January 20, 2004 and a hearing was held before ALJ John W. Belcher on November 18, 2004.  ALJ Belcher denied Plaintiff's DIB application on February 18, 2005.  Plaintiff filed a Request for Review of ALJ Belcher's decision, which the Appeals Council denied on October 14, 2005.  Plaintiff filed a Complaint with this court, which remanded the case for further proceedings on November 17, 2006.  A new hearing was held before ALJ Joseph D. Schloss on November 8, 2007.  The ALJ issued an opinion on February 6, 2008, holding that Plaintiff was disabled only until May 1, 2003.  Plaintiff appealed from the Commissioner's denial of disability benefits, and filed a new Complaint in this Court on July 15, 2008.

## III. DISCUSSION

Under 42 U.S.C ß 405(g), this court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used proper legal standards.  DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991).  Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but "less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F. 2d 59, 60 (9th Cir. 1973), cert denied., Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F. 2d 589, 590 (9th Cir. 1971).

1    It is the duty of this court to review the record as a whole and to consider

2 adverse as well as supporting evidence.  Green v. Heckler, 803 F. 2d 528, 529-30

3 (9th Cir. 1986).  The court is required to uphold the decision of the Commissioner

4 where evidence is susceptible of more than one rational interpretation.  Gallant v.

5 Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984).  The court has the authority to

6 affirm, modify or reverse the Commissioner's decision "with or without remanding

7 the cause for rehearing."  42 U.S.C. § 405 (g).  Remand is appropriate where

8 additional proceedings would remedy defects in the Commissioner's decision.

9 McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

10    The Commissioner has established a five-step sequential evaluation for

11 determining whether a person is disabled.  First, it is determined whether the

12 person is engaged in "substantial gainful activity."  If so, disability benefits are

13 denied.  Second, if the person is not so engaged, it is determined if the person has a

14 medically severe impairment or combination of impairments.  If the person does

15 not have a severe impairment or combination of impairments, benefits are denied.

16 Third, if the person has a severe impairment, it is determined whether the

17 impairment meets or equals one of a number of "listed impairments."  If the

18 impairment meets or equals a "listed impairment," the person is conclusively

19 presumed disabled.  Fourth, if the impairment does not meet or equal the "listed

20 impairments," it is determined whether the impairment prevents the person from

21 performing past relevant work.  If the person can perform past relevant work,

22 benefits are denied.  Fifth, if the person cannot perform past relevant work, the

23 burden shifts to the Commissioner to show that the person is able to perform other

24 kinds of work.  20 C.F.R. §404.1520 (1994); Bowen v. Yuckert, 482 U.S. 137,

25 140-2 (1987).

26 ///

27 ///

28 ///

1    <u>Issue 1:  The Second ALJ fully and fairly developed the record by</u>
2    <u>considering all available medical evidence.</u>

3    The ALJ has an independent "duty to fully and fairly develop the record to
4    assure that the claimant's interests are considered."  <u>Smolen v. Chater</u>, 80 F.3d
5    1273, 1288 (9th Cir. 1996) (quoting <u>Brown v. Heckler</u>, 713 F.2d 441, 443 (9th Cir.
6    1983)).  Where evidence is ambiguous,  or the ALJ finds the record is inadequate
7    to allow for proper evidentiary evaluation, the ALJ has a duty to conduct an
8    appropriate inquiry.  <u>Tonapetyan v. Halter</u>, 242 F.3d 1144, 1150 (9th Cir. 2001).

9    Plaintiff contends that the ALJ failed to fully and fairly develop the record
10   because he did not order an objective consultative exam of Plaintiff, and
11   disregarded the findings of Dr. Cazares, Plaintiff's chiropractor, and the December
12   2004 findings of Dr. Platt, Plaintiff's treating orthopedic surgeon.  Defendant
13   argues that the ALJ's denial of Plaintiff's DIB claim was grounded on substantial
14   evidence, consisting of the December 2003 findings of Dr. Platt and the testimony
15   of a medical expert, Dr. Lyons.  As such, Defendant contends that the ALJ's duty
16   to conduct further inquiry was not triggered.

17   Plaintiff was found disabled between September 14, 2001 and May 1, 2003.
18   (AR 408).  During this period, Plaintiff underwent diskectomy/nucleoplasty
19   surgery on August 26, 2002, and a spinal fusion on April 3, 2003.  Plaintiff's
20   prognosis following his spinal fusion was good, particularly after the removal of
21   his PCA tube.  Following Plaintiff's initial post-operative prognosis, he was
22   examined by chiropractor Dr. Marco Cazares on September 24, 2003, and by
23   treating orthopedic surgeon, Dr. Arthur Platt, in December 2003.  (AR 411).
24   Although Dr. Cazares found that Plaintiff was disabled, Dr. Platt's December 2003
25   examination of Plaintiff found him "permanent and stationary" and able to perform
26   light work, consisting of standing or walking and minimum demands for physical
27   effort.  (AR 321).

28   Since  no treating or examining medical records exist post Plaintiff's

- 4 -

1  December 2003 examination by Dr. Platt, both ALJs relied on the testimony of
2  non-examining and non-treating physician, Dr. James Lyons, to support the denial
3  of Plaintiff's DIB claim.  Dr. Lyons testified that Plaintiff's disability ended on
4  May 1, 2003 when his PCA tube was removed, which is supported by Dr. Platt's
5  subsequent finding that Plaintiff was not disabled.  As such, Dr. Lyons' testimony
6  amounts to substantial evidence since the findings of non-treating and non-
7  examining physicians are given such weight when supported by other evidence in
8  the record.  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).

9       Although Dr. Cazares found Plaintiff disabled in September of 2003,
10  contradicting Dr. Lyons' testimony, a chiropractor's medical opinion is not
11  afforded substantial weight. 20 C.F.R.  §404.1513 (a) (2008).  This is especially
12  true since Dr. Cazares' finding of disability was also contradicted by Dr. Platt's
13  December 2003 examination of Plaintiff, which stated that Plaintiff was able to
14  perform light work.  Because Dr. Platt was Plaintiff's treating physician, this
15  opinion is afforded substantial weight.

16       Plaintiff also contends that Dr. Platt's December 2004 assessment of
17  Plaintiff's RFC should be afforded substantial weight since Dr. Platt was Plaintiff's
18  treating orthopedic surgeon.  However, this Court previously upheld the first ALJ's
19  rejection of Dr. Platt's December 2004 assessment, since it was conducted without
20  an examination and stated that Plaintiff was seriously disabled,  sharply
21  contradicting the findings of his December 2003 examination of Plaintiff.  Because
22  the December 2004 assessment was issued without an examination of Plaintiff and
23  upon Plaintiff's counsel's request, the ALJ determined that this assessment lacked
24  credibility.  This Court found "no fault with the first ALJ's analysis in regards to
25  Dr. Platt's opinions" and affirmed "the ALJ's findings on the grounds that they
26  were supported by substantial evidence and clearly stated." (AR 420).  For the
27  same reason, the ALJ cannot be faulted for preventing Plaintiff's counsel from
28  cross-examining the medical expert regarding Dr. Platt's December 2004

1   assessment.

2       Plaintiff also contends that the ALJ should have ordered an objective

3   consultative exam, as he stated he would at Plaintiff's November 8, 2007 remand

4   hearing.  However, without any medical records after 2003, it would be impossible

5   to determine how the findings from a new consultative exam would bear on the

6   relevant period of claimed disability, starting in May of 2003.  Thus, the ALJ was

7   correct in stating that "no longitudinal medical records or any treatment for several

8   years" supported his decision not to order a consultative examination.

9       The second ALJ properly assessed the medical evidence in the record since

10  his decision to deny Plaintiff's DIB claim was based on the examination of

11  Plaintiff's treating orthopedic surgeon, Dr. Platt, and the testimony of the medical

12  expert, Dr. Lyons.  Additionally, Dr. Platt's December 2004 assessment of

13  Plaintiff, issued without an examination, was properly disregarded by the ALJ

14  since the District Court had previously held that this assessment was without merit.

15  Lastly, the lack of longitudinal medical records following Plaintiff's spinal fusion

16  supports the ALJ's decision not to order a consultative exam, since a new exam

17  would not reflect upon the claimed period of disability beginning nearly six years

18  prior.  Thus, the ALJ's duty to make further factual findings was not triggered.

19

20      Issue 2: The ALJ improperly assessed Plaintiff's subjective complaints and

21      credibility.

22      To find a claimant not credible, the ALJ must rely on reasons unrelated to

23  the subjective testimony, on conflicts between his testimony and his own conduct,

24  or on internal contradiction in that testimony.  Plaintiff contends that the second

25  ALJ discounted Plaintiff's credibility by relying upon a lack of objective evidence

26  in the record corroborating Plaintiff's pain allegations.  Defendant argues,

27  however, that the ALJ properly relied on Plaintiff's unexplained failure to seek

28  treatment as evidence that Plaintiff's pain allegations were not credible.

1        It is always proper for an ALJ to consider the lack of medical evidence to

2  support a claimant's allegations.  20 C.F.R. §§404.1529(c)(1) & (2) (2008).

3  Additionally, the Commissioner may rely on Plaintiff's unexplained failure to seek

4  treatment as evidence that Plaintiff's pain allegations are not credible.  <u>Gallant v.</u>

5  <u>Heckler</u>, 753 F.2d 1450, 1455 (9th Cir. 1984).

6        Plaintiff claims that he suffered severe pain during the six years following

7  his back surgeries in 2002 and 2003.  Plaintiff had not sought treatment for his

8  alleged severe and ongoing pain since December 2003.  In spite of his failure to

9  seek treatment, Plaintiff asserts that the objective medical evidence in the record

10  indicating that he underwent surgery in late 2002 and early 2003 supports his pain

11  allegations.   The second ALJ based his finding that Plaintiff's pain allegations

12  lacked credibility solely on Dr. Platt and Dr. Lyons opinions' that Plaintiff was not

13  disabled and Plaintiff's failure to seek treatment for his pain.  However, the second

14  ALJ never even heard plaintiff testify as to his pain symptoms.  (A.R. 465-481).  A

15  lack of objective findings may not provide the sole basis for discounting a

16  claimant's testimony, <u>Morgan v. Apfel</u>, 169 F.3d 595 (9th Cir. 1999).  The second

17  ALJ's credibility assessment was premised solely upon a lack of objective medical

18  evidence.  As such, the second ALJ may have been when he concluded that "it

19  seems entirely reasonable to assume that if the claimant were truly unable to work

20  due to his back problems and related pain, he would continue to seek treatment in

21  an attempt to ameliorate those problems.  That he has not done so renders his

22  allegations fundamentally implausible." (AR 397).  However, the second ALJ

23  never confronted the plaintiff with this assumption, nor give plaintiff an

24  opportunity to explain who he did not seek pain treatment.

25        Plaintiff also contends that the ALJ did not consider that Plaintiff failed to

26  seek treatment out of fear of treatment, as well as financial hardship.  However,

27  Plaintiff never testified to these reasons at his hearing.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### IV. ORDER

For the foregoing reasons, the decision is reversed and remanded pursuant to Sentence Four of 42 U.S.C. §405(g).

DATED:  <u>August 19, 2009</u>

/ s /

_____

STEPHEN J. HILLMAN

UNITED STATES MAGISTRATE JUDGE